IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-30087 |
| | ) | |
| Jose Mendoza | ) | Hon. Jack B. Schmetterer |
| Esther Mendoza | ) | |
| Debtors, | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Jose Mendoza | ) | Adv No. 10-01583 |
| Esther Mendoza | ) | |
| Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Harris N.A. | ) | |
| | ) | |
| Defendant | ) | |

## ~~PLAINTIFFS' PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

*Pursuant to Default Order and allegations of Complaint* [handwritten]

~~NOW COME the Plaintiffs, Jose Mendoza and Esther Mendoza, by and through Jonathan D. Parker, one of their attorneys at Geraci Law LLC, and hereby present their proposed findings of fact and conclusions of law:~~

*[handwritten interlineations] taken as confessed against Harris - NA, the following Findings of Fact and Conclusions of Law are made and shall be entered:*

1.  Plaintiffs are individuals residing at 2143 N. Avers, unit 1, Chicago, IL 60647.

2.  Harris N.A. is a lender and/or servicer of mortgages.

3.  Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code on July 5, 2010 in the Northern District of Illinois, case number 10-30087

4. This adversary proceeding arises under §§ 502 and 506 of the United States Bankruptcy Code

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and this is a "core proceeding" under 28 U.S.C. 157.

6. Plaintiffs are the owners of real estate located at 2143 N. Avers, unit 1, Chicago, IL 60647 (the "real estate") and legally described as follows:

Section-Township 35-40-13 Lot 26

Parcel ID #: 13-35-118-006-0000

7. The fair market value of the real estate is $278,000, pursuant to exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by Harris N.A. in the amount of $285,825 pursuant to exhibit B to the original adversary complaint (no proof of claim for either mortgage has yet been filed).

9. Under 11 U.S.C §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, 285,825, exceeds the value of the above real estate, $278,000.

11. Due to the junior mortgage lien held by Defendant, being wholly unsecured, it should not be allowed as a secured claim and the mortgage may be stripped off. See, Holloway v. United States, No 01-C-4052 WL 1249053 (N.D. Ill Oct 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill. 2002); In re Pond, 2521 F.3d 122 (2nd Cir. 2001); In

re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

~~Respectfully submitted:~~

/s/ Jonathan D. Parker
Jonathan D. Parker

Attorney for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603

Enter:

[signature] U.S. Bankruptcy Judge

Oct 5, 2010

OCT 05 2010